# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00657-CV

**Esther Allewitz, Appellant**

**v.**

**David Berndt Interests, Inc., Appellee**

## NO. 03-09-00658-CV

**Esther Allewitz, Appellant**

**v.**

**Sansone Group/DDR LLC, Appellee**

## NO. 03-09-00659-CV

**Esther Allewitz, Appellant**

**v.**

**Doucet & Associates, Inc., Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NOS. 09-1013-C26; 09-988-C26 & 09-1104-C26
HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

# MEMORANDUM OPINION

Esther Allewitz appeals the take-nothing summary judgments granted on her negligence and premises liability claims against David Berndt Interests, Inc., Sansone Group/DDR, LLC, and Doucet & Associates, Inc. Allewitz sued appellees for damages arising from a wreck in which the car Allewitz was driving was broadsided by a vehicle—driven by Eusebio Martinez—as she pulled out of a driveway from property that appellees allegedly had a role in owning, designing, building, or maintaining.[1] The trial court granted the appellees' motions for summary judgment based on Allewitz's deposition testimony negating causation on her claims as a matter of law. The causes were severed and the judgments appealed. Allewitz contends that the summary judgments are erroneous because her testimony was equivocal and inconclusive and because Martinez's testimony shows a fact issue exists as to causation. She also contends that the summary judgment violates the policy against allowing inconsistent factual findings. We affirm.

As set out more extensively in our opinion in a related case, Allewitz testified at her deposition that, while her view of the cross street was obstructed by bushes and trees at the stop sign in the parking lot, she pulled forward and, before she started out into the intersection, had a clear view of traffic. *See Allewitz v. Baltgem Dev. Corp.*, No. 03-09-00656-CV, 2010 Tex. App. LEXIS

---

[1] In her seventh amended petition, Allewitz alleges that "the original owner, architects, engineers, and landscape architects were David Berndt Interests, Inc., Enviroplan Architects-Planners, Inc., Doucet & Associates, Inc. and the Broussard Group, Inc." She alleges this group was negligent in the design and construction of the premises. She alleges that the shopping center was owned and/or maintained by a group of entities including Sansone. She alleges this group was negligent, was negligent per se for violating codes and ordinances, and was responsible for a premises defect in the "dangerous condition created by the portions of the property that obstructed [her] sight lines as she was leaving the premises."

6537, at *5-6 (Tex. App.—Austin Aug. 12, 2010, no pet. h.) (mem. op.). Martinez's deposition testimony did not create a fact issue regarding whether Berndt, Sansone, or Doucet caused the accident. As we held regarding the defendants/appellees in *Allewitz v. Baltgem Development Corp.*, we hold that appellees' actions, omissions, or premises condition did not cause Allewitz's accident or her injuries. *See id.* at *8-9.

   Affirmed.

_____

       G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 31, 2010